Darby, J.
On July 8, 1933, the plaintiff filed a petition claiming $1,520 as the reasonable value of the support and clothing provided by plaintiff to the children of said decedent, during a period of about four years. Plaintiff and decedent were man and wife. On July 17, 1921, decedent disappeared from his home and family, and left the plaintiff with the care and support of the children. On August 27, 1931, defendant was appointed administrator of the estate of said George A. Weber, presumed decedent, and is now acting in that capacity.
In June of 1933 the defendant filed an inventory showing assets of the estate of said presumed decedent in the sum of approximately $3,900. Immediately upon the filing of the inventory the plaintiff filed her claim with the defendant, which was refused, and she thereupon brought this suit. The defendant pleads as a defense to said claim, the *363 Statute of Limitations, Section 10746, General Code, in that the suit was not commenced within eighteen months of the appointment of the administrator.
For a further defense defendant sets up the Statute of Limitations as the same appears in Section 10504-144 of the Probate Code. The latter section was enacted in place of Section 10746.
A fourth defense is presented, but does not seem to be relied upon and will not be further noticed.
By way of reply, plaintiff alleges that no assets came into the possession of the defendant prior to June 1933.
The case was tried to the court without a jury.
Upon the argument and briefs, there is practically but one question involved in the case — namely, as to whether or not the right of action of the plaintiff is saved to her by reason of the provisions of Section 10747, General Code, and Section 10509-147 of the Probate Code, the latter section taking the place in the Code of Section 10747.
The facts are not in dispute.
Weber disappeared in 1921, leaving his wife and three children. In 1923 the wife (the plaintiff in this case) procured a divorce on the ground of desertion, and in 1925 remarried. From the period of the disappearance of Weber until the plaintiff’s remarriage, she supported the children by her own earnings, and the evidence was that a reasonable charge for the same was nine or ten dollars per week.
In 1931 proceedings were had in regular form in the Probate Court of this county by which Weber was declared to be a presumed decedent, and the defendant was appointed administrator. In the application for appointment as administrator, there is a statement that the estate was worth about $4,500 in personalty and no realty. A bond was given and appraisers appointed on the same date. No further proceedings were had in the estate in the Probate Court until 1933. However, in the year 1932 a suit was brought in Brown county against the administrator of one Ernst, to recover certain property belonging to Weber’s estate. The property sought to be recovered was a balance of War Risk insurance held by Weber’s half-brother, Ernst. The claim of Weber’s estate to recover the amount involved was contested, and it was not until some time in *364 the early part of 1933 that final judgment was entered in favor of Weber’s estate, and thereafter the bonds were delivered to the defendant as administrator of said estate.
After the receipt of the bonds in 1933, the defendant as administrator filed his inventory of the estate, and this filing was the first act of the administrator in the administration of the estate after his appointment.
The claim of the defendant is that the claim of the plaintiff is barred for the reason that she did not file her suit within eighteen months after the appointment of the administrator as provided by Section 10746, General Code.
The reply of the plaintiff to this is that no assets of the estate were in the hands of the administrator at any time prior to the spring of 1933, and that she has a right to proceed as against such assets.
At the time of the appointment of the administrator, the Statute of Limitations on such accounts was eighteen months as provided by Section 10746,'but in the interval between the appointment of the administrator and the expiration of eighteen months the administrator was charged with certain mandatory statutory duties as follows:
He was required within thirty days after his appointment, to make and return upon oath a true inventory of the personal property of the deceased to be administered, and which has come to his possession or knowledge (Section 10638, General Code) ;
He was required not less than five days previous to such taking of inventory, to give written notice thereof, which must be served on the widow, legatees and next of kin residing in the county, and post, etc. (Section 10648, General Code);
He was also required to make and subscribe an oath stating that the inventory is in all respects true and just, and contains a true statement of all the assets and property of the deceased which has come to his knowledge (Section 10667, General Code) ;
He was also required, whenever personal property or assets of any kind not mentioned in the inventory come to his knowledge, to cause them to be appraised and an inventory to be returned (Section 10683, General Code) ;
*365 He was also required to collect the assets so far as he is able, within one year after the date of the administration bond (Section 10684, General Code) ; and in case the assets cannot be collected to apply for additional time for collection (Sections 10685, 10686, General Code) which additional time, however, may not exceed six months at a time, or a total of three years (Section 10688 and 10689, General Code).
Sections 10651, 10652 and 10653, General Code, provide that the inventory must contain statement of bonds, mortgages securities known to the administrator, and also a statement of all debts or accounts belonging to the deceased, known to the administrator; also money and bank bills.
In case an inventory is not filed within thirty days—
“the Probate Court shall issue an order requiring him (the administrator) at an early day therein named, to return an inventory according to law.” (Section 10668, General Code).
None of these statutory duties were performed. Quite obviously the administrator had no assets in his hands. He received nothing belonging to the estate until the spring of 1933, and immediately upon receiving the property of the estate, by reason of the judgment of the courts of Brown county, he did file a proper inventory.
A creditor examining the records in the Probate Court in this estate would have found no inventory, no record of any property belonging to the estate, and therefore no statement as to the value of the estate.
All of these statutory proceedings have some purpose. Section 10639 provides for exceptions to an inventory by a person interested in the estate. That would have been impossible in this matter.
The claim which,the Weber estate asserted and maintained successfully was that the decedent was the next of kin, namely half-brother, of Ernst the soldier.. The property of Ernst was in the hands of the courts of Brown county, and the defendant as administrator was under no possible liability for the assets of the estate while in the hands of an officer of another court, who was maintaining *366 his right to retain the same and litigating the right of the estate to recover the property.
Not only was the matter of exceptions to the inventory a right of any person interested in the estate, but such person had the further right to the inventory, in order that he might know whether he should maintain an action. If the inventory revealed no property subject to administration and distribution, that would be ■ information which would help to guide the creditor as to his course.
There is no doubt but that all the property of Ernst vested in his next of kin at the time of his death, and War Insurance is no different in principle from other species of property, but'the fact that property may vest in a next of kin does not make the administrator responsible for it if it does not come to his possession or knowledge, or is beyond his reach.
The section under which the plaintiff claims that her cause of action is saved is Section 10747 as follows:
“When assets come to the hands of an executor or administrator after the expiration of such eighteen months he must account for and apply them in like manner as if they had been received within eighteen months. He shall be liable to an action and to be proceeded against on account of such assets, by or for the benefit of any creditor in like manner as if they had been received within the eighteen months; but such action or proceeding must be commenced within six months after the creditor has notice of the receipt of such new assets and not more than eighteen months after they actually are received.”
The Probate Code Section 10509-147, effective January 1, 1932, which takes the place of Section 10747, General Code, is as follows;
“When assets come to the hands of an executor or administrator after the expiration of such nine months, he must account for and apply them in like manner as if they had been received within nine months. He shall be liable to an action, and to be proceeded against on account of such assets by or for the benefit of any creditor in like manner as if they had been received within the nine months; but such action or proceeding must be commenced within two months after the inventory is filed.”
*367 It is conceded that the action of plaintiff is brought within statutory time if the section as to so-called.“new assets” applies.
The sections above referred to have been taken from the law of Massachusetts, and it is therefore claimed that the interpretation placed upon the statute in the Massachusetts courts should be followed in the courts of Ohio. It is indicated in the case of Favorite v. Booher’s Admr., 17 O. S., 548, and the court there had before it the determination of what constitutes new assets. The fourth paragraph of the syllabus is as follows:
“Money arising from the sale of land possessed by the decedent at the time of his death and sold for payment of debts, and money received by the administrator from the guardian of the heirs of the intestate under an arrangement made to save their lands from sale are not neto assets within the meaning of Section 104 of the administration law, and will not extend the four years’ limitation within which creditors are required to sue.”
It was plain there was an agreement here to attempt to protect the heirs of this estate, and the property involved consisting of land possessed by the decedent at the time of his death, and rentals from the same are not new assets in any sense of the word. On page 557 the court say:
“ * * * Assets are thus defined by Bouvier; ‘The property in the hands of an heir, executor, administrator or trustee, which is legally or equitably chargeable with the obligations which such heir, executor, administrator or trustee is as such required to discharge.’ ‘Assets in hand is such property as at once comes to the executor or other trustee for the purpose of satisfying claims against him as such’.”
The defendant has cited and copiously quoted from many decisions of the state of Massachusetts construing the act referred to. An examination of most of those cases however reveal that there was a proper inventory filed, including the property -afterwards claimed to be new assets in one form or another. In some of the cases the property was listed, as for instance an interest in a partnership, and then it was claimed that when the money was received as *368 a result of the sale of the partnership interest, that that was new assets, but the court held to the contrary. All of the cases are therefore easily and plainly distinguishable from a situation such as is presented in this case.
It would be a useless undertaking to point out the differences between the case at bar and the Massachusetts cases, but running through them all is the suggestion that new assets are assets received and with which the administrator had not theretofore been charged.
Under Section 10618 providing for the bond of the administrator, it is provided as conditions of the bond as follows:
“1. To make and return into court on oath within thirty days, a true inventory of all moneys, goods, chattels, rights and credits of the deceased which have or may come to his possession or knowledge, and if required by the court, an inventory of the decedent’s real estate.
“2. To administer according to law all the moneys, goods, chattels, rights and credits of the deceased, and the proceeds of all his real estate sold for payment of debts, which come to the possession of the administrator, or to the possession of any person for him. * * * .”
The surety on the bond of the administrator in this estate could not have been held responsible for the assets set forth in the inventory until they had “come to the possession of the administrator, or to the possession of any person for him.”
Upon consideration of all the facts and the elaborate arguments of counsel, the court has -reached the conclusion that the plaintiff is entitled to recover from the defendant the reasonable value of the support of the children of the decedent for the period from June 17, 1921 to March 5, 1925, which the court will fix at the sum of $1,520.